18-1305-cv
*Liang v. Zee*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
             *Circuit Judges.*

------------------------------------------------------------

GARY LIANG,

               *Plaintiff-Counter-Defendant-Appellant,*                          18-1305-cv

               v.

DETECTIVE ROBERT ZEE, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS A DETECTIVE IN THE NEW
YORK CITY POLICE DEPARTMENT, ALBERT
HAWKINS, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A DETECTIVE IN THE NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE SHIM,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
DETECTIVE IN THE NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE CHRISTOPHER VAUGHN,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
DETECTIVE IN THE NEW YORK CITY POLICE
DEPARTMENT, LIEUTENANT CONFORTI,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
LIEUTENANT IN THE NEW YORK CITY POLICE
DEPARTMENT, SERGEANT MICHETTI, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A SERGEANT IN

1

THE NEW YORK CITY POLICE DEPARTMENT, CITY OF
NEW YORK, RAYMOND KELLY, COMMISSIONER OF
NEW YORK CITY POLICE DEPARTMENT, BRIAN J.
MAQUIRE, DEPUTY INSPECTOR OF NEW YORK
POLICE DEPARTMENT 109TH PRECINCT, NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE  SCALI,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
DETECTIVE IN THE NEW YORK CITY POLICE
DEPARTMENT,

                    *Defendants-Appellees*,


IVAN QUEK, AKA IVAN SUN, YI JING TAN, AKA
KERRY,

                    *Defendants-Counter-Claimants*,


OFFICER, SERGEANT  NATOLI, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS A SERGEANT IN THE
NEW YORK CITY POLICE DEPARTMENT, JOHN DOE,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
NEW YORK CITY POLICE OFFICER, JANE DOE,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A
NEW YORK CITY POLICE OFFICER, XIN XU, BEI WANG,
DA PENG SONG,

                    *Defendants.*

---

**FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:**              JEAN WANG, Wang Law Office, PLLC,
                                   Flushing, NY.


**FOR DEFENDANTS-APPELLEES:**       YASMIN ZAINULBHAI (Richard Dearing
                                   and Claude S. Platton, *on the brief*),
                                   Assistant Corporation Counsel, *for*
                                   Zachary W. Carter, Corporation Counsel
                                   of the City of New York, New York, NY.


Appeal from the September 24, 2013, October 3, 2014, and December 6, 2016 orders of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Gary Liang ("Liang") appeals from three orders of the District Court. The first order, entered September 24, 2013, granted the motion to dismiss under

2

Rule 12(b)(6), Fed. R. Civ. P., of the "City Defendants."[1] The second order, entered October 3, 2014, granted the Rule 12(c) motion for judgment on the pleadings of the "Non-City Defendants."[2] The final order, entered December 6, 2016, granted in part the City Defendants' motion for summary judgment. Liang objects primarily to one aspect of the December 6, 2016 order: the District Court's conclusion that the New York City Police Department detectives involved in a July 8, 2007 search of Liang's belongings at John F. Kennedy International Airport were entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* dismissals under Rule 12(b)(6) and 12(c). *See Willey v. Kirkpatrick*, 801 F.3d 51, 61-62 (2d Cir. 2015). We also review *de novo* a grant of summary judgment under Rule 56. *Id.* at 62. For substantially the reasons set forth in the District Court's careful, thorough, and well-reasoned orders, we affirm the dismissals under Rules 12(b)(6) and 12(c), and the partial grant of summary judgment under Rule 56. To the extent Liang challenges the District Court's consideration of materials outside the amended complaint in its Rule 12(b)(6) and Rule 12(c) decisions, we reject the challenge because there is no showing of prejudice in the particular circumstances presented here.

## CONCLUSION

We have reviewed all of the arguments raised by Liang on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The "City Defendants" include the City of New York, the New York Police Department, Police Commissioner Raymond Kelly, Deputy Inspector Brian Maquire, Captain Thomas Conforti, Sergeant Michetti, Sergeant Brian Natoli, Detectives Robert Zee, Albert Hawkins, Jae Shim, Christopher Vaughn, and Edward Scali, and Police Officers "John Doe" and "Jane Doe."

[2] The "Non-City Defendants" include Xin Xu, Bei Wang, Da Peng Song, Ivan Quek (aka Ivan Sun) and Yi Jing Tan (aka Kerry).